UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 5:16-cr-37-Oc-37PRL

MARK ANTHONY PRACK
_____

### ORDER

Before the Court is Defendant Mark Anthony Prack's motion for compassionate release. (Doc. 64 ("**Motion**").) The Government opposes. (Doc. 71.) On review, the Motion is denied.

### I.  BACKGROUND

Mr. Prack pled guilty to possessing a firearm as a convicted felon. (Docs. 42, 50.) On August 17, 2017, he was sentenced to 60 months' imprisonment. (Doc. 56.) His projected release date is December 16, 2021. (Doc. 71, pp. 3–4.)

Mr. Prack is 39 years old with high blood pressure and Type II Diabetes. (Doc. 64, p. 10; Doc. 70; Doc. 71, p. 3.) He is incarcerated at Coleman Low FCI which is suffering a COVID-19 outbreak: 1 inmate and 24 staff are positive for COVID-19.[1] (Doc. 71, p. 3.) Mr. Prack requested compassionate release from the Warden of his facility on May 21, 2020; the Warden denied the request on May 26, 2020. (Doc. 64-1.) On September 5, 2020, he moved for compassionate release and "to serve the remainder of his sentence on home

---

[1] Fed. Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/index.jsp (last accessed Oct. 5, 2020).

confinement." (Doc. 64, p. 1.) Briefing complete (Doc. 71), the matter is ripe.

## II.    LEGAL STANDARDS

The statute governing compassionate release, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, prescribes the limited circumstances in which a court may modify a term of imprisonment. A court may grant a request for compassionate release if it finds: (1) the defendant has exhausted his administrative remedies with the Bureau of Prisons ("**BOP**"); (2) the relevant § 3553(a) factors support release; (3) extraordinary and compelling reasons warrant compassionate release; and (4) the defendant is not a danger to the community. *See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13. The defendant must show relief is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

## III.   ANALYSIS

First, to the extent Mr. Prack requests home confinement, the BOP has the exclusive authority and sole discretion to designate the place of an inmate's confinement, which includes decisions to release an individual to home confinement. *See Tapia v. United States*, 564 U.S. 319, 331 (2011); *see also United States v. Alvarez*, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020). So the Court lacks jurisdiction to order home confinement. *See Tapia*, 564 U.S. at 331.

As to compassionate release, the Court can proceed on the merits. Thirty days have lapsed from the Warden's receipt of Mr. Prack's request, so Mr. Prack has met the administrative requirement. (*See* Doc. 64-1); 18 U.S.C. § 3582(c)(1)(A).

Turning to the merits, Mr. Prack has not shown compassionate release is warranted because he failed to show he no longer poses a danger to the community.[2] *See* 18 U.S.C. §§ 3582(c)(1)(A), 3142(g); *see also United States v. Overton*, No. CR 417-060-10, 2020 WL 4208261, at *4–5 (S.D. Ga. July 22, 2020). A defendant cannot be released unless he is "not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13; *see also United States v. Stuyvesant*, No. 09-60184-CR-ALTMAN, 2020 WL 1865771, at *6 (S.D. Fla. Apr. 14, 2020). In making this determination, courts consider the relevant factors set forth in 18 U.S.C. § 3142(g), including: "the nature and circumstances of the offense charged"; "the history and characteristics of the person"; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." U.S.S.G. § 1B1.13; 18 U.S.C. § 3142(g). Mr. Prack's criminal history is extensive and he's associated with the Outlaw Motorcycle Club—a violent motorcycle gang. (Doc. 52, ¶ 23, pp. 8–14; Doc. 71, pp. 18–19; Doc. 71-6, pp. 24–29.) When his home was searched in 2016, agents found a large arsenal of firearms, illegal drugs, a Ku Klux Klan flag, Nazi memorabilia, and Outlaw Motorcycle Club materials. (Doc. 52, ¶¶ 18–22; Doc. 71, p. 19; Doc. 71-7.) His criminal history and associations show he poses a danger to the public. (*See* Doc. 52, ¶¶ 18–22, pp. 8–14; Doc. 71-7); *see also Overton*, 2020 WL 4208261, at *4–5. So the § 3142(g) factors weigh against release and the Court denies the Motion.

---

[2] Because the Motion is denied on these grounds, the Court does not reach whether Mr. Prack's health conditions, coupled with the COVID-19 pandemic, are extraordinary and compelling reasons for release.

The Court is mindful of the concerns of incarcerated individuals during the COVID-19 pandemic given the significant health risks to inmates confined in correctional facilities, especially those with any underlying medical conditions. The Court also notes the BOP's extensive and aggressive efforts to mitigate the spread of COVID-19 and maintain the safety and security of BOP institutions. (*See* Doc. 71, pp. 4–5); *see also* Fed. Bureau of Prisons, *COVID-19 Action Plan: Phase Five* (Mar. 31, 2020), https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp. Given these efforts, and his criminal history, Mr. Prack has not shown release is warranted.

### IV.   CONCLUSION

It is **ORDERED AND ADJUDGED** that Defendant Mark Anthony Prack's Motion for Compassionate Release (Doc. 64) is **DENIED.**

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 5, 2020.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
Defendant Mark Anthony Prack